IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                      CRIMINAL ACTION NO. 2:09-cr-00262-1

JON PAUL CLEMENTS,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Defendant Jon Paul Clements' Motion to Revoke and/or Amend Detention Order [Docket 20].

On January 11, 2010, Defendant was charged with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant initially appeared before Magistrate Judge Stanley on January 14, 2010 for a detention hearing pursuant to 18 U.S.C. § 3142(f). After hearing evidence and argument from both the Government and the Defendant, Magistrate Judge Stanley ordered Defendant detained pursuant to 18 U.S.C. § 3142(e) and (i). (Docket 12 at II.A.)

Pursuant to 18 U.S.C. § 3145(b), Defendant now seeks to appeal the Magistrate Judge's order of detention.[1] The Government filed a response in opposition (Docket 21).

---

[1] The Government's brief incorrectly refers to Defendant's motion for review as having been brought under 18 U.S.C. § 3142(f). Defendant does not, however, seek review based on new information, but instead under § 3145(b), as Defendant's detention was initially determined by the Magistrate Judge.

## I. LEGAL STANDARD

The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). When a party seeks review of a magistrate judge's order releasing or detaining a defendant, the Court must conduct a de novo review. *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985).

In reviewing the Magistrate Judge's order of detention, the Court must review the record of the proceedings before the magistrate judge and consider specific factors set forth in 18 U.S.C. § 3142(g). These factors include (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including, among other factors, family ties, employment, financial resources, past conduct, criminal history, and whether the person was on release pending trial; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). In order to obtain a detention order, the Government must demonstrate (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings, *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).[2]

---

[2] Under some circumstances, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(e). The presumption does not apply to Defendant in this case.

## *II. DISCUSSION*

In his motion, Defendant avers that "there are certainly conditions which can be imposed which would ensure defendant's appearance for his court proceedings, and which would ensure he poses no risk of danger to specific persons or the community generally." (Docket 20 at 8.) The Government disagrees, pointing out Defendant's criminal history and prior instances of failing to appear for court in arguing that "[t]his defendant is a potential danger to the community and is unlikely to abide by his conditions of release." (Docket 21 at 2.)

### A. *Nature and Circumstances of the Offense Charged*

Defendant is charged in a single count indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket 2.) The charge arose from conduct occurring on August 1, 2009, during which Defendant used a gun to shoot an individual in the house where he was staying. (Docket 20 at 6.) Thus, not only was Defendant in possession of a firearm, which is prohibited based on his prior felony conviction, but he also used it to injure another individual, Darryl Johnson. The very language of the detention statute identifies involvement of a firearm in an offense as a factor to consider. 18 U.S.C. § 3142(g)(1).

Thus, the nature and circumstances of the offense charged indicate that Defendant poses a risk to others and the community, by virtue of his access to, possession and use of a firearm.

### B. *Weight of the Evidence*

Defendant contends that the Defendant's case is relatively weak, as "[t]he only witness putting a gun in Clements' possession is the very aggressor who violently entered Hughes' home and set upon both Hughes and Clements." (Docket 20 at 7.) The Government counters by pointing

3

to the indictment, which reflects that there is at least probable cause to believe Defendant committed the instant offense. (Docket 21 at 4.)

The Magistrate Judge did not explicitly consider the weight of the evidence during the detention hearing, focusing instead on Defendant's prior criminal history and the nature and circumstances of the offense. The Court agrees that these other factors are of importance when evaluating Defendant's release from detention. However, at this point, the record suggests that Defendant shot Johnson in Hughes' home with a gun that was apparently easily within his reach. No one has suggested that Johnson shot himself, but it seems to be agreed that only the victim and Defendant were present when the shooting occurred. Those facts are sufficient for the Court to conclude that the weight of the evidence supporting the Government's case against Defendant is significant.

### C. *History and Characteristics of Defendant*

Defendant does have significant ties to the community, and Defendant's counsel presented evidence at the detention hearing of job opportunities and lodging that were available to Defendant should he be released. (Docket 17 at 6:12-7:8.) The Government did not dispute these representations, either during the detention hearing or in its brief on this motion. Based on this information, as well as the pretrial services report, Magistrate Judge Stanley found that Defendant has no steady employment and no substantial financial resources. (Docket 12.) While the Court finds that Defendant had no steady employment at the time of the detention hearing, the Court does find that Defendant has close ties to the community.

The two troubling aspects of Defendant's history and characteristics are his criminal history and his two prior instances of failing to appear. Defendant has twice failed to appear for

proceedings in Kanawha County Circuit Court. Although Defendant points out that those two failures to appear occurred almost ten years ago, they are significant nonetheless, since Defendant faces a substantial maximum sentence if convicted in this case. Additionally, Defendant does have a long history of confrontations with the law. While it is noted that the charges resulting in all but the most recent of the eight arrests of Defendant since his release from prison in 2007 were dismissed (Docket 20 at 5), many of these arrests occurred while Defendant was on bond. Defendant did plead no contest to assault and battery in 2003, and has been arrested on numerous occasions. Given these facts, his prior encounters with the police and the justice system suggest that Defendant ought to remain in custody.

### D. *Nature and Seriousness of Danger to Others*

Defendant is charged with possession of a firearm and ammunition by a convicted felon, but the conduct underlying the charge involves Defendant shooting another individual. While Defendant challenges the strength of the Government's case by apparently arguing self-defense, he cannot deny that the charge is serious, and the alleged underlying conduct would indicate a willingness to engage in activities that might endanger other persons.

### III. CONCLUSION

After reviewing de novo the detention order pursuant to 18 U.S.C. § 3145(b), the Court **FINDS** by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Defendant's charged conduct is sufficiently serious that, when combined with Defendant's criminal history, Defendant poses a danger to the community.

Accordingly, Defendant's motion to Revoke and/or Amend Detention Order [Docket 20] is **DENIED**.

Given the Court's finding regarding the safety of other persons and the community, the Court makes no findings regarding risk of flight or non-appearance.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 6, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE